David M. McLean
Ryan C. Willmore
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
100 West Railroad Street, Suite 200
Missoula, MT 59802
Telephone: (406) 728-1694
Facsimile: (406) 728-5475

Attorneys for Defendant Sears, Roebuck & Co.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| KALOA K. YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK & CO.,<br><br>Defendant. | Cause No. CV-08-70-GF-SEH-RKS<br><br><br><br>**NOTICE OF REMOVAL** |

Defendant Sears, Roebuck & Co. ("Sears") submits this Notice of Removal of this action to the United States District Court for the District of Montana, Great Falls Division. As grounds for removal, Defendant states the following:

1. Sears is a defendant in a civil action pending in the Eight Judicial District Court of the State of Montana, Cascade County, Cause No. BDV-07-841, entitled "Kaloa K. Young v. Sears, Roebuck & Co." A true and correct copy of all process, pleadings and orders served upon Sears is being filed with this Notice as required by 28 U.S.C. § 1446(a), and is attached hereto as Exhibit "A." A true and correct copy of this Notice of Removal will be filed with the Montana state district court for Cascade County within five (5) days of the filing of this Notice as required by L.R. 3.2(a).

2. This action was commenced for purposes of removal on September 15, 2008. Sears first received the Summons and Complaint on September 15, 2008, when they were served upon Sears' registered agent. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the initial pleading setting forth the claim for relief.

3. A United States District Court has removal jurisdiction based on diversity. 28 U.S.C. § 1332(a)(1). Diversity requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). The United States District Court for the District of Montana, Great Falls Division has original jurisdiction over this action based upon complete diversity of citizenship between the parties, in that Sears is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff. Defendant Sears is not now, nor was it at the time this action commenced, a citizen of the State of Montana. Young, the Plaintiff, is presently domiciled in Montana and was domiciled in Montana at the time the action was commenced. Plaintiff was at that time, and is now, a citizen of the State of Montana.

4. For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation, as well as in the state of its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994). In the Ninth Circuit, a corporation's principal place of business is the state which contains a substantial predominance of corporate operations. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Where the activities of a corporation do not substantially predominate in any one state, a corporation's principal place of business is in the state where the majority of its executive and administrative functions are performed. *Id.* Defendant Sears was at the time this action commenced, and is now, a citizen of the State of New York and the State of Illinois, pursuant to

28 U.S.C. § 1332(c). Sears is incorporated in New York, as pled by Plaintiff in her Complaint. *See* Compl. ¶ 2. Sears conducts business all across the country, thus there is no state that contains a substantial predominance of its corporate activities. Thus, Sears has its principal place of business in Illinois, where it conducts a majority of its executive and administrative functions.

6. Plaintiff's Complaint, attached as Exhibit "A," asserts claims against Sears in an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Complaint does not specifically identify the amount of damages sought, yet it is clear such amount is in excess of the $75,000 jurisdictional limit. Plaintiff seeks damages for loss of wages, all other employee benefits, the cost of job searches and moving expenses, loss of retirement benefits, and punitive damages all alleged to result from her loss of employment with Sears. *See* Compl. ¶ 11 (attached hereto as Exhibit "A"). It is apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirements of 28 U.S.C. § 1332. Should this Court require additional information regarding the amount in controversy, it should order Plaintiff to file a Statement of Damages.

7. Because this action is wholly between citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a).

8. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

9. Sears will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Sears will promptly file a copy of this Notice of Removal with the clerk of the Eighth Judicial District State Court, Cascade County, Montana, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Sears, the defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this case styled, "Kaloa K. Young v. Sears, Roebuck & Co.," Cause No. BDV-07-841, from the Montana Eight Judicial District State Court, Cascade County, on this 24th day of September, 2008.

DATED this 25th day of September, 2008.

By /s/ David M. McLean
David M. McLean
Ryan C. Willmore
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

Attorneys for Defendant Sears, Roebuck & Co.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of September, 2008, a true copy of the foregoing was served on the following persons by the following means:

   1   CM/ECF
\_\_\_\_\_ Hand Delivery
   2   Mail
\_\_\_\_\_ Overnight Delivery Service
\_\_\_\_\_ Fax
\_\_\_\_\_ E-Mail

1.    Clerk, U.S. District Court

2.    Kaloa K. Young
c/o Sara R. Sexe
MARRA, SEXE, EVENSON & BELL, P.C.
2 Railroad Square, Suite C
P.O. Box 1525
Great Falls, MT 59403-1525

 

                           /s/ David M. McLean
                           David M. McLean
                           Ryan C. Willmore
                           BROWNING, KALECZYC, BERRY & HOVEN, P.C.

Attorneys for Defendant Sears, Roebuck & Co.